UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CR-61-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| XZAVIER TYLON MORRIS | ) | |

This matter is before the court on the Government's motion for protective order. [DE-113]. Defendant filed response in opposition to the motion. [DE-117]. For the reasons that follow, the motion is allowed.

Counsel for the Government and Defendant's prior counsel entered into a consent agreement governing the production of discovery in this case. The court appointed new counsel for Defendant, who declined to agree to the terms of the prior consent protective order. The Government now moves the court to enter a protective order restricting the duplication and dissemination of discovery material in this case. The court held a telephonic hearing on June 7, 2023.

Defendant is charged, along with three co-defendants, in a conspiracy to distribute fentanyl and methamphetamine and with possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a felon. [DE-1]. The Government contends Defendant maintained a leadership role in the conspiracy and asserts he is a validated Bloods gang member. The Government is concerned that if Defendant is allowed to maintain copies of documents containing even redacted information from which cooperating witnesses could be identified, the dissemination of the documents would endanger the safety of the witnesses. Defendant contends he is facing a lengthy sentence of incarceration if convicted and having a copy of his discovery,

particularly law enforcement reports and search warrants, is necessary to the preparation of his defense.

Federal Rule of Criminal Procedure 16(d)(1) authorizes entry of protective orders and provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." According to the Government, the law enforcement reports and search warrant affidavits Defendant seeks to possess contain witness statements and identifying information. Defense counsel noted that Defendant has the ability to listen to recorded statements of witnesses and therefore can already identify these individuals, and the documents Defendant is particularly interested in studying have the sensitive information redacted. The Government's concern, however, is that Defendant will link the cooperator's identities to the documents and disseminate them to others putting witnesses in danger. The Fourth Circuit has upheld the entry of protective orders requiring discovery materials to remain with defense counsel where there was a concern the defendant could disseminate records that may jeopardize the safety of confidential informants and other cooperating witnesses. *See United States v. Navarro*, 770 F. App'x 64, 65 (4th Cir. 2019) (finding "the protection of witnesses is a compelling basis for a protective order"). Here, the Government has made a compelling argument that the dissemination of even redacted documents to Defendant may endanger the safety of cooperating witnesses in this case. Accordingly, the court finds good cause for entry of a protective order in this case, and the court will enter the Government's proposed protective order.

So ordered, this 7 day of June 2023.

Robert B. Jones, Jr.
United States Magistrate Judge